FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of San Francisco National Bank, Plaintiff-Appellee,

v.

Jerrold S. ENGLE et al., Defendants-Appellees,

Appeal of Charles A. STONE and Joyce B. Stone, Applicants in Intervention.

No. 74–1387.

United States Court of Appeals, Ninth Circuit.

Oct. 24, 1975.

Rehearing Denied Nov. 25, 1975.

---

Lowell D. Chatburn of Scholz & Shecter, Millbrae, Cal., for appellant Stone.

Michael H. Ahrens of Bronson, Bronson & McKinnon, San Francisco, Cal., for plaintiffs-appellees.

## OPINION

Before MERRILL and SNEED, Circuit Judges, and MURPHY, District Judge.*

MERRILL, Circuit Judge:

The crucial issue on the merits between the litigants is whether a transfer of an interest in certain real property from William and Colleen Bennett to Geoffrey Bennett was a fraud on the FDIC as creditor of William, and, as such, was subject to being set aside. FDIC brought this action against the Bennetts to secure a determination and decree to this effect. Lis pendens was filed as to the property.

While the action was pending, and subsequent to the filing of lis pendens, the Stones, appellants herein, obtained a state court judgment against Geoffrey and executed on his interest in the property in question, buying it at sheriff's sale.

The Stones then sought to intervene in this suit as successors to Geoffrey in order to assert their contention, adverse to FDIC, that the transfer to Geoffrey was for consideration and was not in fraud of creditors. Intervention was denied from the bench, the court noting that the parties were prepared to stipulate to judgment and that if the Stones felt that such disposition would be fraudulent or collusive they could seek relief under Rule 60(b), Fed.R.Civ.P. Shortly thereafter judgment in favor of FDIC was duly entered upon stipulation between the Bennetts and FDIC to which the Stones were not party. No appeal from that judgment was taken. No motion under Rule 60(b) was made.

The Stones then made clear to the court their desire in this action to press their claim to the property through Geoffrey and to appeal the denial of their right to intervene. The court ac-

---

* Honorable Thomas F. Murphy, Senior U.S. District Judge for the Southern District of New York, sitting by designation.

commodated them by entering a written order denying the motion to intervene, from which order this appeal was timely taken. Motion to dismiss the appeal was denied by a panel of this court.

Rule 24(a), Fed.R.Civ.P., provides:

> "*Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: \* \* \* (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The question[1] is whether the Stones are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect [their] interest."

We would have been inclined to say that they are not; that there is nothing to preclude them from proceeding in another forum; that affirmance here would serve only to foreclose to them their right to assert their claim to the property in question in this lawsuit and would not preclude them from asserting their claim elsewhere; that since they were denied access to this forum, any decision herein respecting the fraudulent character of William's transfer to Geoffrey would not be binding on them.

FDIC, however, takes the position that by virtue of rules of local law respecting lis pendens judgment here would be binding upon the Stones in any other forum. Whether there be merit in this or not, in our view the fact that such position is asserted adverse to the Stones causes entry of judgment herein to impede them as a practical matter in their ability to protect the interests they claim in the property in question.

This being so, we conclude that they are entitled to intervention as matter of right under Rule 24(a)(2), Fed.R.Civ.P., and, as intervenors, to pursue whatever course may be open to them respecting the judgment entered herein.

Reversed.

---

1. We find no other requirement of Rule 24(a)(2) in issue. There can be no question but that the Stones claim an interest in the property that is the subject of the action. Further, in our judgment one who wishes to defend his title is not adequately represented by a predecessor who is ready to abandon defense of title.